The opinion of the court was delivered by
Watkins, J.
The several defendants were jointly indicted for murder, convicted of manslaughter, and from judgment and sentence thereunder have appealed.
I.
During the progress of the trial defendants’ counsel insisted, first, that the State must prove the existence of a conspiracy before she can introduce in evidence the declarations of one of the alleged co-conspirators-as against others; second, that a proper foundation must first be laid. The ruling of the judge was made the subject of a bill of exceptions, and defendant’s counsel contend that while admitting the force of the rule the judge reversed it, and admitted in evidence the declarations of some of the parties as against others to prove a conspiracy. But this is refuted by the judge, who states *577 in the bill that ‘ ‘ the evidence was offered by the State to show conspiracy, and in order to lay the proper basis for the introduction in evidence of the subsequent declarations made by the parties accused.”
II.
Counsel further objected and excepted, first, that the declarations or admissions of one person are not admissible in evidence against another person, who is jointly indicted, unless the indictment charges a conspiracy; second, that the declarations or confessions of an alleged co-conspirator made after the accomplishment or abandonment of the common enterprise could not be received in evidence as against others. The court overruled the objections to the testimony on the grounds “that the declarations sought to be proven are the statements of each individual accused as to himself; that the evidence is not received of the declaration of one to have effect against the others, but are received against each, in so far as it may affect him and not the others.” Of this ruling we can perceive no well-grounded complaint.
III.
.On the trial the defendant’s counsel requested the court to charge the jury, first, that the declarations of one of the alleged co-conspirators made after the homicide are not admissible in evidence against others jointly indicted, if the indictment does not charge conspiracy; second, that the declarations of one conspirator made after the purpose of the conspiracy has been accomplished are not admissible against others jointly indicted.
The court refused to so charge the jury on the grounds following, viz:
“ After a full and exhaustive charge on all laws connected with and applicable to the case, or any of the facts of the case, the defendant’s counsel requested the aforesaid special charges; and “I carefully read both the written requests and proceeded to give to the jury instructions on the point as a whole. After completing the charge the jury was ordered and taken to their room of deliberation, counsel not insisting on anything more than what I had stated, suggesting nothing more, and in no way complaining to me. After the jury had retired * * counsel then arose and said, ‘ we reserve a *578 bill to the court’s refusal to charge as above.’ ” The court then proceeds to state that, in point of fact, it “ never did refuse to charge on the points stated, and it felt satisfied that in the charge given to the jury ample and sufficient instructions had been given on all laws relating to the cause on trial. The court had specially charged the jury in relation to declarations and confessions of parties jointly accused, and (under the facts of the case) had, in so many words, instructed them that the declarations of each or either as to the commission and perpetration of the crime charged was evidence against the party who made the declaration or confession, alone,” etc. .
The judge thus substantially answered the objections urged by counsel. It has been held that “ when a judge has already charged the jury on a given matter, and the prisoner, among his requests of charges made thereafter, includes the matter already charged, the judge may well refuse to repeat it.” State vs. Boasso, 38 An. 202.
But it is the contention of counsel that the judge was in error in stating that he had, in substance, given to the jury the charges requested. But on the /ace of the bill of exceptions there is nothing to show whether the judge or counsel is correct.
Counsel of defendants freely admit the force of the rule by us repeatedly announced, that ‘ ‘ in considering bills of exception which contain conflicting recitals by counsel, and by the trial judge (we) will be guided by the statements of the judge.” State vs. Waggoner, 39 An. 920; State vs. Young, 40 An. 483.
IV.
The defendant’s counsel filed an extended motion for a new trial, the point of which is that the judge misdirected the jury, and failed to give them proper instructions as matter of fact in reference to the testimony adduced, and particularly with reference to such part of the evidence as is covered by the bills of exception above enumerated, and whereby the jury may have been unduly influenced against them.
Amongst other things the following are specified, viz: first, that the jury were not warned to disregard the alleged declarations and confessions of some of the accused parties, made after the homicide had been committed, and the judg e did not, in the presence and hearing of the jury, limit and restrict the effect of the evidence, as he assigned in the bills of exception; second, that in point of fact *579 the judge did not instruct the jury as requested by them, and as set out in their bill of exceptions, which is discussed in paragraph three, and they gave weight to and consideration of illegal evidence which influenced their verdict.
The motion covers the point raised on the third bill of exceptions, and raises the question of fact whether the judge, in reality, gave the requested special charges. On the trial thereof testimony was introduced, and inter alios, a sworn copy of a stenographic report made of the charge actually given to the jury, and which was made at the request of defendants’ counsel at the time. An attentive perusal of it discloses the fact that the judge failed, in words or in substance, to charge the jury as requested.
As a witness, the judge says: “I do not now remember whether or not, when the exceptions marked two and three were signed, * * * the jury were still in their room. * * * Since having examined the notes which I had taken in the case, whilst it was being tried, I find that the special charge alluded to by counsel in bill No. 4 were not given, because in the rulings made at the time in bills two and three my notes indicated that these reasons had already been stated.”
From the copy of the stenographic report of the charge, and the judge’s admission as a witness, he made the statement quoted from bill of exceptions, under a misapprehension of fact, arising from his accidental omission to follow his notes in giving an oral charge to the jury, and one of great length. We think the jury may have been prejudiced thereby, and that a new trial should have been allowed the accused.
It is therefore ordered and decreed that the verdict and judgment appealed be set aside, and the cause be remanded to the lower court, and to be therein proceeded with according to law and the views herein expressed.
Mr. Justice Breaux, having been of counsel, recuses himself.